VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY J. TABANDEH (Cal. Bar No. 287583)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
KOURTNEY SPEER (Cal. Bar No. 348243)
565 Commercial Street, Fourth Floor
San Francisco, California 94111
Telephone:   (415) 534-0495
Facsimile:   (270) 518-5974
Email:       greg.gilchrist@versolaw.com
             ryan.bricker@versolaw.com
             sophy.tabandeh@versolaw.com
             paymaneh.parhami@versolaw.com
             kourtney.speer@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC., | Case No. 2:25-cv-03283 |
| Plaintiff, | **COMPLAINT FOR COUNTERFEITING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND COPYRIGHT INFRINGEMENT** |
| v. | |
| ███████████████ | |
| ███████████████ and | **JURY TRIAL DEMAND** |
| DOES 1–10, | **REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL** |
| Defendants. | |

This lawsuit is necessary to stop a widespread, opportunistic counterfeiting ring operated by Defendants ███████████████████████ ███████████ Defendants use ████████████████████████████ ███████ to hide their illegal conduct from authorities and brand owners to

1  market their counterfeit products ████████████████████████████████

2  ████████████████████████████████████████████████

3  ████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████

5  ████████████████████████████████████████████████ ) and collect

6  substantial profits by deceiving customers and free-riding on Patagonia, Inc.'s

7  ("Patagonia") reputation and brand.

8      In order to stop this systematic and widespread counterfeiting scheme,

9  Patagonia alleges as follows:

10  **PARTIES, JURISDICTION, AND VENUE**

11      1.    Patagonia is a California corporation headquartered at 259 West Santa

12  Clara Street, Ventura, California 93001.  Patagonia has been designing, developing,

13  and marketing clothing for more than fifty years.  Today, Patagonia and the

14  PATAGONIA brand are famous around the world for innovative apparel designs,

15  quality products, and environmental and corporate responsibility.

16      2.    Defendant ████████████████████████████████

17  ████████████████████████████████████████████████

18  ████████████████████████████████████████████

19  ████████████████████████████████████████████

20  ████████████████████████████████████████████

21  ██████████████████████████████████████████

22  ████████████████████████████████████████████

23  ████████████████████████████████████████████████

24  ████████████████████████████████████████████████

25  ████████████████████████████████████████████

26  ██████████████████████████████████████████

27  ████████████████████████████████████████████████

28  ████████████████████████████████████████████████

1  ████████████████████████████████████████████████████

2  ████████████████████████████████████████████

3      3.     Defendant ████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████

7  ████████████████████████████████████████████████

8  ████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████

10 ████████████████████

11     4.     Defendant ████████████████████████████████

12 ██████████████████████████████████████████████

13 ████████████████████████████████████████████████

14 ████████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████████

17 ████████

18     5.     Defendant ████████████████████████████████

19 ████████████████████████████████████████████████

20 ████████████████████████████████████████████████████████

21 ████████████████████████████████████████████████

22 ████████████████████████████████████████████████

23 ████████████████████

24     6.     Defendant ████████████████████████████████████

25 ████████████████████████████████████████████████

26 ████████████████████████████████████████████████

27 ████████████████████████████████████████████

28 ████████████████████████████████████████████████

1    █████████████████████████████████████

2        7.    Defendant █████████████████████

3    ███████████████████████████████████████████

4    ████████████████████████████████████████

5    ████████████████████████████████████████

6    ████████████████████████████████████████

7    ███████████████████████

8        8.    Defendant ████████████████████████

9    ███████████████████████████████████

10   █████████████████████████████████████

11   █████████████████████████████████████

12   ████████████

13       9.    Defendant ████████████████████████████

14   ████████████████████████████████████

15   ████████████████████████████████████

16   █████████████

17       10.   Defendant ██████████████████████████

18   ███████████████████████████████████████████

19   ████████████████████████████████████████

20   ██████████████████████████████████████

21   ████████████████████████████████████████

22   ██████████████████████████████████

23   ████████████████████████

24       11.   Defendant ███████████████████████████

25   ████████████████████████████████████

26   ████████████████████████████████████████

27   ████████████████████████████████████

28   ████████████████████████████████████████

1

2

12.    Defendant

4

5

6

7

8

9

13.    Patagonia is informed and believes that Does 1–10 are unknown individuals and/or entities who participated in the promoting, offering, importing, and selling of counterfeit Patagonia products.

14.    The Defendants collectively are referred to as "Defendants" and each knowingly acted in concert with and conspired with the others in connection with all relevant conduct alleged in this Complaint.

15.    Patagonia's counterfeiting and trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq*.). Patagonia's claims for copyright infringement arise under the United States Copyright Act (17 U.S.C. §§ 101, *et seq*.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act). This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction).

16.    This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of doing business in California and this district.

17.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(a)

1    because a substantial part of the events giving rise to the claims asserted arose in

2    this district (including promoting and selling products to consumers in the district.)

3    Defendants sell and ship counterfeit products to customers in this district and

4    promote their products to purchasers in this district through ███████████

5    ███████ and ████████████████████ which are all accessible to residents of this

6    district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**Patagonia's History**

9       18.    Patagonia was founded in the early 1970s to design and sell climbing

10   clothes and other active sportswear.  The company adopted the brand

11   "PATAGONIA" to differentiate a related business that designed and manufactured

12   climbing gear and tools.  Since at least 1973, the PATAGONIA brand has appeared

13   on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz

14   Roy skyline (the "P-6 logo").

15      19.    In the more than fifty years since Patagonia's business started, the

16   PATAGONIA brand and P-6 logo have become among the most identifiable brands

17   in the world.  Patagonia's products now include a wide range of high-quality

18   apparel, accessories, and equipment, including T shirts, hoodies, sweatshirts, and

19   fleece, as well as technical products designed for climbing, skiing and

20   snowboarding, surfing, fly fishing, and trail running, which are sold around the

21   world.

22      20.    Over the years, Patagonia has been recognized and honored for its

23   business initiatives, including receiving the Sustainable Business Counsel's first

24   "Lifetime Achievement Award."  In 1996, with an increased awareness of the

25   dangers of pesticide use and synthetic fertilizers used in conventional cotton

26   growing, Patagonia began the exclusive use of organically grown cotton and has

27   continued that use for more than twenty years.  Patagonia was a founding member

28   of the Fair Labor Association®, which is an independent multi-stakeholder

1    verification and training organization that audits apparel factories.  Additionally,

2    since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve

3    and restore our natural environment, donating more than $140 million to date.  In

4    2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit

5    called 1% For the Planet® to encourage other businesses to do the same.  Today,

6    more than 1,200 member companies donate to more than 3,300 nonprofits through

7    1% For the Planet.  In 2012, Patagonia became one of California's first registered

8    Benefit Corporations, ensuring Patagonia could codify into its corporate charter

9    consideration of its workers, community, and the environment.  In 2022, Patagonia's

10   owners donated their holdings in the company to a Purpose Trust and nonprofits

11   dedicated to fighting the environmental crisis and defending nature.

12   **Patagonia's Trademarks**

13        21.    Patagonia owns numerous registrations for its distinctive P-6 logo and

14   PATAGONIA trademarks, covering a wide-ranging assortment of products.  Among

15   these are the following U.S. trademark registrations:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear | 08/1974 |
|  | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
|  | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
|  | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| PATAGONIA | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and ski gloves | 08/1990 |
| PATAGONIA | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| PATAGONIA | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |
| PATAGONIA | 5491401 / June 12, 2018 | Reusable bottles sold empty; insulated containers for food or beverage for domestic use; cups, mugs and growlers | 09/2014 |
| PATAGONIA | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |

These registrations for the PATAGONIA mark and logos are in full force and effect. The registrations have become incontestable under 15 U.S.C. § 1065. A color image of the P-6 logo follows:



Collectively, these marks, Patagonia's other registered trademarks for the PATAGONIA mark and P-6 logo, and its common law marks for the PATAGONIA mark and P-6 logo are referred to as the "PATAGONIA trademarks." Patagonia also owns a registered copyright (Registration No. VA 1–801–788) for the P-6 logo.

22.    The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

23.    For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used. PATAGONIA brand products are advertised in a variety of contexts and media, including in print and on the Internet. In addition to advertising by Patagonia, consumers learn of the brand through "earned media" because Patagonia is often in the news or social media platforms for its environmental advocacy. The PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale contexts.

24.    Patagonia has sold its PATAGONIA brand products all over the world

1    and throughout the United States, including California.  Through its promotion and

2    investment in its brand and extensive sales, publicity, awards, and leadership in

3    sustainable sourcing practices, Patagonia has acquired enormous goodwill in its

4    PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the

5    meaning of the Trademark Dilution Revision Act, enjoy strong consumer

6    recognition, and are recognized around the world and throughout the United States

7    by consumers as signifying high-quality products made by a responsible company.

8    **Defendants' Promotion and Sale of Counterfeit Products**

9    25.    In blatant disregard of Patagonia's rights in the PATAGONIA

10    trademarks—and without authorization from Patagonia—Defendants have conspired

11    together to engage in a widespread counterfeiting operation through which they

12    import, promote, offer for sale, and sell counterfeit Patagonia products, including

13    apparel, bags, and other accessories, bearing one or more reproductions of

14    Patagonia's federally registered PATAGONIA trademarks (the "Counterfeit

15    Products").

16    26.    Patagonia's investigation revealed that Defendants utilize at least ███

17    ████████████████████████████████████████████████

18    ████████████████████████████████████

19    ████████████████ Patagonia is informed and believes that Defendants may use

20    ████████████ that are unknown to Patagonia at this time.

21    27.    Defendant ████████████████████████████████████

22    ████████████████████████████████████

23    ████████████████████████████████████████

24    ████████████████████████

25

26

27

28

COMPLAINT
CASE NO. 2:25-CV-03283

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT
CASE NO. 2:25-CV-03283

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Examples of the Counterfeit Products are below:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



COMPLAINT
CASE NO. 2:25-CV-03283

- 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



17
18
19
20
21
22
23
24
25
26
27
28



28. ████████████████████████████████████
████████████████████████████████
██████████████████████████████
████████████████████████████████
███████████████████████████



29.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1   30. ███████████████████████████████████

2   ████████████████████████████████████████████

3   ████████████████████████████

4
5
6
7
8
9   
10
11
12
13
14
15
16



, Defendants also promote, offer for sale, and sell the Counterfeit Products.  See examples below:





31.    Defendants use



32.   An additional example of



33.    Patagonia's investigation has revealed that Defendants █████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████

34.    Patagonia is informed and believes that ████████████████
████████████████████████████████████████
███████████████████████████████████████████████
████    Patagonia's investigation ████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████

████████████████████████    Additionally, Patagonia is informed and believes that
███████████████████████████████████████████████████
███████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████

35.    Patagonia's investigation also revealed that ████████████
███████████████████████████████████████████
████████████████████████████    further evidencing their
conspiracy to engage in this counterfeiting scheme.

36.    Because of the ████████████████████████████████████
████████████████████    tactics as described in this Complaint, Patagonia only
recently became aware of Defendants' counterfeiting operation.

37.    Defendants engaged in the conduct described in this Complaint

1   willfully, intentionally, and/or maliciously. Defendants' counterfeiting scheme is

2   widespread and systematic. It utilizes ████████████████████████████

3   ████████████████████████████ This permits Defendants to hide their illegal

4   commercial activities. ████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████

6   ████████████████████████████████████ Patagonia is informed and

7   believes that Defendants conspire with ████████████████████████████

8   ████████████████████████████████████████████ Under these

9   circumstances, Defendants could not have believed the counterfeits they were

10  selling and promoting were genuine Patagonia branded products.

11      38.   Patagonia has not licensed, authorized, sponsored, endorsed, or

12  approved the Counterfeit Products Defendants have manufactured, distributed,

13  imported, promoted, offered for sale, and sold. Patagonia is not associated,

14  affiliated, or connected with Defendants, and has not licensed, authorized,

15  sponsored, endorsed, or approved Defendants' conduct in any way.

16      39.   The Counterfeit Products are visually identical to and compete with

17  goods sold by Patagonia. The Counterfeit Products, however, are of a vastly inferior

18  quality to Patagonia's genuine products, causing further harm to Patagonia, its

19  reputation and goodwill, and the PATAGONIA trademarks.

20      40.   Defendants' copying of Patagonia's copyrighted P-6 logo violates

21  Patagonia's rights in the design and has caused damage to Patagonia.

22      41.   Defendants' wholesale copying of Patagonia's trademarks is likely to

23  deceive, confuse, and mislead actual and prospective consumers regarding the

24  source of the Counterfeit Products, including whether the Counterfeit Products are

25  genuine Patagonia products, and/or whether Patagonia has sponsored, authorized, or

26  is somehow affiliated with Defendants. Such consumers are likely to be deceived,

27  confused, and misled before, during and after purchase. Patagonia, consequently,

28  must protect its goodwill and famous trademarks by seeking an injunction against

Defendants' further promotion, distribution, offer, and sale of the Counterfeit Products.

42.     Patagonia's investigation revealed that Defendants, in furtherance of their counterfeiting scheme, have sourced, marketed, and sold substantial quantities of the Counterfeit Products, and have profited and continue to profit from such sales.

43.     Defendants' actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Unless Defendants are restrained by this Court, Defendants will continue expanding their illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

a.     Depriving Patagonia of its statutory rights to use and control use of its trademarks;

b.     Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the Counterfeit Products;

c.     Causing the public falsely to associate Patagonia with Defendants and/or their Counterfeit Products;

d.     Causing the public falsely to believe Patagonia has collaborated with Defendants, entered a co-branding relationship with Defendants, or is otherwise associated with Defendants and/or their Counterfeit Products;

e.     Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademarks to differentiate its products from those of its competitors;

f.     Causing incalculable and irreparable damage to Patagonia's licensing and collaboration programs, and to Patagonia's ability to control its brand partnerships and to associate itself with entities who are specifically aligned to Patagonia's company mission; and

g.     Causing Patagonia to lose sales of its genuine PATAGONIA

COMPLAINT
CASE NO. 2:25-CV-03283

products.

44.    Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendants.

## FIRST CLAIM

## FEDERAL TRADEMARK COUNTERFEITING

### (15 U.S.C. §§ 1114–1117)

45.    Patagonia realleges and incorporates by reference each of the allegations contained elsewhere in this Complaint.

46.    Defendants have used in commerce marks that are identical to, or substantially indistinguishable from, the federally registered PATAGONIA trademarks, in connection with goods falling within the scope of Plaintiff's federal registrations.

47.    Defendants' actions demonstrate an intentional, willful, and malicious intent to counterfeit the federally registered PATAGONIA trademarks in violation of 15 U.S.C. § 1116(d).

48.    Because Defendants have caused, and are likely to continue causing, substantial injury to the public and to Patagonia for which Patagonia has no adequate remedy at law; because this is an exceptional case; and as a direct and proximate result of Defendants' conduct, Patagonia is entitled to Defendants' unlawful profits and Patagonia's damages, and treble the amount of its damages and Defendants' profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a), or to statutory damages and reasonable attorneys' fees under 15 U.S.C. § 1117(c), as well as seizure of the counterfeit goods under 15 U.S.C. § 1116, including seizure of any labeling, documents, proceeds, and other materials related to production, promotion, or sales of products bearing any mark or design identical to or indistinguishable from the PATAGONIA trademarks.

49.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop promoting, distributing, offering, and

1   selling the Counterfeit Products, and any other mark or design similar to the

2   PATAGONIA trademarks.

3                              **SECOND CLAIM**

4            **FEDERAL TRADEMARK INFRINGEMENT**

5                        **(15 U.S.C. §§ 1114–1117)**

6            50.     Patagonia realleges and incorporates by reference each of the

7   allegations contained elsewhere in this Complaint.

8            51.     Defendants have used, in connection with the sale, offering for sale,

9   distribution, or advertising of their Counterfeit Products, words and symbols that

10  infringe upon Patagonia's PATAGONIA trademarks.

11           52.     These acts of trademark infringement have been committed with the

12  intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C.

13  § 1114.

14           53.     As a direct and proximate result of Defendants' conduct, Patagonia is

15  entitled to recover Defendants' unlawful profits and Patagonia's damages, and treble

16  the amount of its damages and Defendants' profits, and to an award of attorneys'

17  fees under 15 U.S.C. § 1117(a).

18           54.     Patagonia is entitled to injunctive relief pursuant to 15 U.S.C.

19  § 1116(a) that requires Defendants to stop promoting, distributing, offering, and

20  selling the Counterfeit Products, and any other mark or design similar to the

21  PATAGONIA trademarks.

22                              **THIRD CLAIM**

23            **FEDERAL UNFAIR COMPETITION**

24  **(False Designation of Origin and False Description – 15 U.S.C. § 1125(a))**

25           55.     Patagonia realleges and incorporates by reference each of the

26  allegations contained elsewhere in this Complaint.

27           56.     Defendants' conduct as alleged in this Complaint constitutes the use of

28  symbols or devices tending falsely to describe the Counterfeit Products, within the

meaning of 15 U.S.C. § 1125(a)(1).  Defendants' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the Counterfeit Products to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

57.    As a direct and proximate result of Defendants' conduct, Patagonia is entitled to recover up to treble the amount of Defendants' unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

58.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop promoting, distributing, offering, and selling the Counterfeit Products, and using any other mark or design similar to the PATAGONIA trademarks.

## FOURTH CLAIM

## FEDERAL DILUTION OF FAMOUS MARKS

### (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

59.    Patagonia realleges and incorporates by reference each of the allegations contained elsewhere in this Complaint.

60.    Patagonia's PATAGONIA trademarks, including the PATAGONIA mark and P-6 logo, are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Defendants' adoption of the Counterfeit Products.

61.    Defendants' conduct is likely to cause dilution of Patagonia's PATAGONIA trademarks by diminishing their distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

62.    As a direct and proximate result of Defendants' conduct, Patagonia is entitled to recover up to treble the amount of Defendants' unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

63.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C.

§§ 1116(a) and 1125(c) that require Defendants to stop promoting, distributing, offering, and selling the Counterfeit Products, and using any other mark or design similar to the PATAGONIA trademarks.

## FIFTH CLAIM

## FEDERAL COPYRIGHT INFRINGEMENT

**(17 U.S.C. §§ 101, *et seq*., and 17 U.S.C. §§ 501, *et seq*.)**

64.     Patagonia realleges and incorporates by reference each of the allegations contained elsewhere in this Complaint.

65.     Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Defendants' copying.

66.     Defendants have copied, advertised, offered for sale, and/or sold substantially similar copies of the P-6 logo without Patagonia's authorization or permission and in violation of Patagonia's exclusive rights in its copyright.

67.     Defendants' unlawful reproduction, advertisement, distribution, and/or sale of Patagonia's proprietary design constitutes copyright infringement.  Patagonia alleges that Defendants acted intentionally and in bad faith when they reproduced Patagonia's copyrighted work (in identical or substantially similar form), and advertised, distributed, displayed, and/or sold the Counterfeit Products.

68.     Defendants' infringement alleged in this Complaint has caused and, if not enjoined, will continue to cause Patagonia to suffer irreparable harm for which there is no adequate remedy at law, and has also caused damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

69.     As a direct and proximate result of Defendants' conduct, Patagonia is entitled to injunctive relief, as well as actual damages plus any profits earned by Defendants as a result of their infringements, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

# SIXTH CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 17200 *et seq.*)**

70.    Patagonia realleges and incorporates by reference each of the allegations contained elsewhere in this Complaint.

71.    Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

72.    Defendants have infringed upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of their Counterfeit Products.

73.    Defendants' infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of Defendants' offerings.

74.    Defendants use the PATAGONIA trademarks to enhance the commercial value of Defendants' offerings.

75.    Defendants' acts violate Patagonia's trademark rights under California Business & Professions Code §§ 14245 *et seq*.

76.    Defendants' conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq*.

77.    Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendants from selling the Counterfeit Products, or any other products bearing a mark or design that is likely to be confused with the PATAGONIA trademarks.

78.    Without injunctive relief, Patagonia has no means by which to control

1    the continuing injury to its reputation and goodwill or that of its PATAGONIA

2    trademarks.  Patagonia has been and will continue to be irreparably harmed.  No

3    amount of money damages can adequately compensate Patagonia if it loses the

4    ability to control its marks.

5        79.    Because Defendants' actions have been committed willfully,

6    maliciously, and intentionally, Patagonia is entitled to treble the amount of

7    Defendants' unlawful profits and Patagonia's damages under California Business &

8    Professions Code § 14250.

9        80.    Because Defendants' conduct has been undertaken willfully,

10   intentionally, and in reckless disregard of the possible injurious consequences,

11   Patagonia is entitled to exemplary or punitive damages under California Civil Code

12   § 3294.

### SEVENTH CLAIM

### TRADEMARK DILUTION UNDER CALIFORNIA LAW

**(Cal. Bus. & Prof. Code § 14247)**

16       81.    Patagonia realleges and incorporates by reference each of the

17   allegations contained elsewhere in this Complaint.

18       82.    Patagonia owns valid and protectable rights in its PATAGONIA

19   trademarks, including the PATAGONIA mark and P-6 logo.

20       83.    The PATAGONIA trademarks—registered marks in the state of

21   California—are distinctive and famous within the meaning of the California Model

22   State Trademark Law and California Business & Professions Code § 14247, in that

23   it is a household brand in California, and were famous prior to Defendants' use of

24   the Counterfeit Products.

25       84.    Defendants' acts are likely to dilute the distinctive quality of the

26   PATAGONIA trademarks.  Defendants' acts therefore constitute trademark dilution

27   under California Business & Professions Code § 14247, the analogous statutes of

28   other states, and under California common law.

COMPLAINT
CASE NO. 2:25-CV-03283

85.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendants from promoting, offering, or selling the Counterfeit Products, and using any other mark or design similar to the PATAGONIA trademarks.  Without injunctive relief, Patagonia has no means by which to control the continuing dilution of the PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia for such harm.

86.     Because Defendants' actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendants' unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

87.     Because Defendants' conduct has been undertaken willfully, intentionally, and in reckless disregard of the possible injurious consequences, Patagonia is entitled to exemplary or punitive damages under California Civil Code § 3294.

## EIGHTH CLAIM
## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

88.     Patagonia realleges and incorporates by reference each of the allegations contained elsewhere in this Complaint.

89.     Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

90.     Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods offered by Defendants, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's PATAGONIA trademarks at common law.

91.     Defendants infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

92.     Defendants' conduct is aggravated by that kind of willfulness,

COMPLAINT
CASE NO. 2:25-CV-03283

wantonness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

93.    As a direct and proximate result of Defendants' activities, Patagonia has suffered substantial damage.

94.    Unless restrained and enjoined, the conduct of Defendants will further impair the value of the PATAGONIA trademarks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

95.    Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendants from promoting, offering, or selling the Counterfeit Products, and using any other mark or design similar to the PATAGONIA trademarks.

96.    Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

97.    Because Defendants' actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages (*see* Cal. Civ. Code § 3294).

## **PRAYER FOR JUDGMENT**

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.    Adjudge that Defendants have promoted, distributed, offered and sold products bearing counterfeit reproductions of Patagonia's federally registered trademarks;

2.    Adjudge that Defendants have infringed the PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1114;

3.    Adjudge that Defendants have infringed the PATAGONIA trademarks in violation of California statutory law;

4.    Adjudge that Defendants have infringed Patagonia's common law rights in the PATAGONIA trademarks;

5.    Adjudge that Defendants have competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

6.    Adjudge that Defendants have competed unfairly with Patagonia in violation of California statutory law;

7.    Adjudge that Defendants' activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and California law;

8.    Adjudge that Defendants have infringed Patagonia's copyright rights in its P-6 design;

9.    Adjudge that Defendants' actions, as outlined in the preceding paragraphs, have been willful, intentional, and conducted in reckless disregard of the possible injurious consequences;

10.    Adjudge that Defendants and their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that bear reproductions or so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, the Counterfeit Products.

b.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the PATAGONIA trademarks as to be likely

to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia;

      c.     Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendants or their products with Patagonia or its products, or as to the origin of Defendants' goods, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

      d.     Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

      e.     Further diluting the famous PATAGONIA trademarks;

      f.     Otherwise competing unfairly with Patagonia in any manner;

      g.     Further infringing Patagonia's copyright rights in its P-6 logo design, including by reproducing, distributing, or displaying such logo or any other logo or design that is substantially similar to the P-6 logo; and

      h.     Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

11.    Adjudge that Defendants are prohibited from applying to register any trademark or service mark which is likely to be confused with, or that dilutes the distinctive quality of, Patagonia's PATAGONIA trademarks;

12.    Adjudge that Defendants be required immediately to deliver to Patagonia's counsel their entire inventory of counterfeit and infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in their possession or subject to their control and that infringe Patagonia's trademarks as alleged in this Complaint;

13.   Adjudge that Defendants, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

14.   Adjudge that Patagonia recover from Defendants its damages and lost profits, and Defendants' profits in an amount to be proven at trial;

15.   Adjudge that Patagonia is entitled to recover statutory damages from Defendants based on Defendants' willful counterfeiting;

16.   Adjudge that Defendants be required to account for any profits that are attributable to their illegal acts, and that Patagonia be awarded (1) Defendants' profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

17.   Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

18.   Adjudge that Patagonia recover from Defendants its damages based on Defendants' copyright infringement, or statutory damages at Patagonia's election;

19.   Adjudge that Patagonia recover punitive or exemplary damages from Defendants based on Defendants' conduct done willfully, intentionally, and in reckless disregard of its possible injurious consequences;

20.   Order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of its counterfeiting, infringing, and dilutive activities;

21.   Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

22.   Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

1    DATED:  April 15, 2025       Respectfully submitted,

2                                VERSO LAW GROUP LLP

3

4                              By:   */s/ Gregory S. Gilchrist*

5                                  GREGORY S. GILCHRIST
                                    RYAN BRICKER

6                                  SOPHY J. TABANDEH
                                  PAYMANEH PARHAMI

7                                  KOURTNEY SPEER

8                            Attorneys for Plaintiff
                            PATAGONIA, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Patagonia, Inc. demands that this action be tried to a jury.

DATED:  April 15, 2025

Respectfully submitted,

VERSO LAW GROUP LLP

By:   */s/ Gregory S. Gilchrist*
        GREGORY S. GILCHRIST
        RYAN BRICKER
        SOPHY J. TABANDEH
        PAYMANEH PARHAMI
        KOURTNEY SPEER

Attorneys for Plaintiff
PATAGONIA, INC.