VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY J. TABANDEH (Cal. Bar No. 287583)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
KOURTNEY SPEER (Cal. Bar No. 348243)
565 Commercial Street, Fourth Floor
San Francisco, California 94111
Telephone:  (415) 534-0495
Facsimile:  (270) 518-5974
Email:  greg.gilchrist@versolaw.com
  ryan.bricker@versolaw.com
  sophy.tabandeh@versolaw.com
  paymaneh.parhami@versolaw.com
  kourtney.speer@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ███████████████ and DOES 1-10, <br><br> Defendants. | Case No. 2:25-cv-03293 <br><br> **APPLICATION FOR LEAVE TO FILE UNDER SEAL** |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5.2.2(a), Plaintiffs Patagonia, Inc. ("Patagonia") respectfully moves for administrative relief, to file under seal selected portions of Plaintiff's Complaint, Plaintiff's Memorandum of Points and Authorities in Support of

Patagonia, Inc.'s Ex Parte Application For Temporary Restraining Order and Order to Show Cause ("TRO Application"), Declaration of Traci Escamilla in Support of Patagonia, Inc.'s Ex Parte Application For Temporary Restraining Order and Order to Show Cause ("Escamilla Decl."), Declaration of Paymaneh Parhami in Support of Patagonia, Inc.'s Ex Parte Application For Temporary Restraining Order and Order to Show Cause ("Parhami Decl."), Proposed Order Granting Plaintiff Patagonia, Inc.'s Application for Temporary Restraining Order and Order to Show Cause ("TRO Proposed Order"), Application for Leave to File Under Seal ("Application to Seal"), Declaration of Kourtney Speer in Support of Application for Leave to File Under Seal ("Speer Decl."), and Proposed Order Granting Plaintiff Patagonia, Inc.'s Application for Leave to File Under Seal ("Sealing Proposed Order").

## II.    APPLICABLE LAW

The law of the Ninth Circuit governs motions to file under seal. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013). The Ninth Circuit has held that compelling reasons may outweigh the public's interest in disclosure and justify sealing of court records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 11785 (9th Cir. 2006). For example, courts have recognized that good cause exists to seal documents that discuss confidential, non-public investigative processes and procedures. See *Zeitlin v. Bank of Am., N.A.*, No. 218CV01919RFBBNW, 2022 WL 3346957, at *1 (D. Nev. Aug. 11, 2022). Specifically, courts in the Ninth Circuit regularly seal motions for emergency relief against counterfeit operations, in order to protect the plaintiff and public's ability to recover meaningful relief against such predatory schemes. *See, e.g., Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.,* No. 5:20-CV-04773-EJD, 2020 WL 5199434, at *2 (N.D. Cal. Aug. 17, 2020) (explaining the court's decision to seal documents related to Cisco's application for a temporary restraining order, in order to preserve the integrity of plaintiff's investigation and the possibility of relief). Courts also recognize an overriding interest in preventing disclosure of business information that may harm a litigant's competitive standing. *See,*

1  *e.g.*, *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978); *Apple*, 727 F.3d at 1221-
2  22 (discussing competitive harm to business).

3        In addition to filing its Complaint, Patagonia is also seeking a Temporary
4  Restraining Order ("TRO") against the Defendants, based on Defendants' operation of
5  an elaborate, widespread counterfeiting scheme. To preserve the effectiveness of the
6  TRO and protect the integrity of the relief sought, Patagonia respectfully requests leave
7  to file its Complaint, TRO Application, and supporting documents, under seal. Rather
8  than seek to seal the Complaint and TRO Application in their entireties, Patagonia has
9  filed redacted versions of both documents, reflecting redactions tailored to the truly
10  confidential information (including Defendants' identities).

11        Providing Defendants with advance notice of the TRO filing would likely
12  frustrate the purpose of the requested relief. Courts have recognized that notice may be
13  excused where it would "render fruitless the further prosecution of the action." *Rovio*
14  *Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1094 (N.D. Cal. 2012).
15  Publicly filing these documents would risk tipping off Defendants, giving them a
16  window to destroy critical evidence (including the counterfeit products themselves),
17  move or conceal assets, and otherwise obstruct enforcement efforts.

18        Therefore, Patagonia asks that these documents remain sealed until each
19  Defendant is served or the Court orders otherwise. In recent enforcement actions filed
20  by Patagonia involving similar conduct, including the use of third-party platforms,
21  public filings have attracted significant media attention, including coverage on social
22  media platforms. Declaration of Kourtney Speer ("Speer Decl."), ¶ 3. Based in part on
23  that experience, Patagonia has reason to believe that public filing of this action is likely
24  to alert the Defendants prematurely, significantly impairing Patagonia's ability to
25  obtain effective relief.

26  **III.  THE FOLLOWING DOCUMENTS OR PORTIONS THEREOF**
27       **SHOULD BE SEALED**

28        Patagonia respectfully requests sealing of the following materials:

| Document | Portion to be Sealed | Party Designating | Reason for Sealing |
|---|---|---|---|
| Complaint | Caption; Selected Portions of Introduction; Selected Portions of ¶¶ 2-12, 17, 26-37; Exhibit A | Plaintiff | Confidential investigation of counterfeiting scheme and identification of Defendants. (Speer Decl. ¶ 5) |
| TRO Application | Caption; Selected Portions of Table of Contents; Selected Portions of Introduction; and Selected Portions of Pages 5-8, 10-12, 14, and 16-22. | Plaintiff | Confidential investigation of counterfeiting scheme and identification of Defendants. (Speer Decl. ¶ 6) |
| Escamilla Decl. | Caption; and Selected portions of ¶¶ 24-27. | Plaintiff | Confidential investigation of counterfeiting scheme and identification of Defendants. (Speer Decl. ¶ 7) |
| Parhami Decl. and Exhibits 1-19 | Full Declaration and Exhibits 1-19 | Plaintiff | Confidential investigation of counterfeiting scheme and identification of Defendants. (Speer Decl. ¶ 8) |
| TRO Proposed Order | Caption; Selected Portions of Pages 4-8, 10-14; Schedule A and Schedule B. | Plaintiff | Confidential investigation of counterfeiting scheme and identification of Defendants. (Speer Decl. ¶ 9) |
| Application to | Caption | Plaintiff | Caption |

| Document | Portion to be Sealed | Party Designating | Reason for Sealing |
|---|---|---|---|
| Seal | | | identifies the named Defendants. (Speer Decl. ¶ 10) |
| Speer Decl. | Caption | Plaintiff | Caption identifies the named Defendants. (Speer Decl. ¶ 11) |
| Sealing Proposed Order | Caption | Plaintiff | Caption identifies the named Defendants. (Speer Decl. ¶ 12) |

This application is submitted to the Court in conjunction with the following documents, as required by Local Rule 79-5.2.2:

1. Declaration of Kourtney Speer in Support of Patagonia's Application for Leave to File Under Seal (redacted and unredacted);

2. Unredacted versions of Patagonia's Complaint, TRO Application, Escamilla Decl., Parhami Decl, and TRO Proposed Order;

3. Redacted versions of Complaint, TRO Application, Escamilla Decl., and TRO Proposed Order; and

4. Proposed Order Granting Patagonia's Application for Leave to File Under Seal (redacted and unredacted).

## IV. CONCLUSION

For the foregoing reasons, Patagonia respectfully requests that the Court permit

| | |
|---|---|
| 1 | the above-referenced materials to be filed under seal. |
| 2 | DATED: April 15, 2025    Respectfully submitted, |

1    the above-referenced materials to be filed under seal.

2    DATED: April 15, 2025      Respectfully submitted,

3                                   VERSO LAW GROUP LLP

5                                   By: *(signature)* Kourtney Speer

6                                   GREGORY S. GILCHRIST
                                    RYAN BRICKER

7                                   SOPHY J. TABANDEH
                                    PAYMANEH PARHAMI

8                                   KOURTNEY SPEER

9                                   Attorneys for Plaintiff
                                  PATAGONIA, INC.