VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
RYAN BRICKER (Cal. Bar No. 269100)
SOPHY J. TABANDEH (Cal. Bar No. 287583)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
KOURTNEY SPEER (Cal. Bar No. 348243)
565 Commercial Street, Fourth Floor
San Francisco, California 94111
Telephone: (415) 534-0495
Facsimile: (270) 518-5974
Email: greg.gilchrist@versolaw.com
ryan.bricker@versolaw.com
sophy.tabandeh@versolaw.com
paymaneh.parhami@versolaw.com
kourtney.speer@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ███████████████ and DOES 1-10, <br><br> Defendants. | Case No. 2:25-cv-03293 <br><br> **DECLARATION OF KOURTNEY SPEER IN SUPPORT OF PATGONIA, INC.'S APPLICATION FOR LEAVE TO FILE UNDER SEAL** |

I, Kourtney Speer, hereby declare as follows:

1. I am an attorney admitted to practice in the State of California and before this Court. I am an associate with the law firm of Verso Law Group LLP, attorneys of record for plaintiffs Patagonia, Inc. ("Patagonia") in this proceeding.

I make this declaration based on my personal knowledge and, if called as a witness, I could and would be competent to testify to the matters set forth below.

2. On April 15, 2025, Patagonia filed its Complaint and Ex Parte Application For Temporary Restraining Order wherein Patagonia excessively referenced confidential, sensitive, information regarding the identities of the Defendants behind the widespread, counterfeiting scheme alleged in the Complaint and TRO Application. It is necessary that Defendants are not given notice of Plaintiff's allegations in its Complaint and TRO Application in order for Patagonia to obtain its requested relief.

3. I have worked on several enforcement actions on behalf of Patagonia. In recent enforcement actions filed by Patagonia involving similar conduct, including the use of third-party platforms, public filings have attracted significant media attention, including coverage on social media platforms. Based, in part, on that experience we have good reason to believe that public filing of this action is likely to alert Defendants prematurely, significantly impairing Patagonia's ability to obtain effective relief.

4. Therefore, Patagonia now seeks to file the below identified documents under seal.

5. In Plaintiff's Complaint, Patagonia has identified parties responsible for operating an elaborate, widespread, counterfeiting scheme, and set out details about the mechanics of that counterfeiting scheme, including certain accounts and resources that Defendants use to source, sell, and distribute counterfeit products. This information is the product of Patagonia's confidential investigation.

6. In Plaintiff's TRO Application, Patagonia has identified parties responsible for operating an elaborate, widespread counterfeiting scheme, and set out details about the mechanics of that counterfeiting scheme, including certain accounts and resources that Defendants use to source, sell, and distribute counterfeit products. This information is the product of Patagonia's confidential investigation.

Patagonia has also included details regarding the severity of Defendants' counterfeiting scheme and how it has caused Patagonia irreparable harm.

7. In Plaintiff's Declaration of Traci Escamilla in Support of Patagonia, Inc.'s Ex Parte Application For Temporary Restraining Order and Order to Show Cause ("Escamilla Decl."), Patagonia identifies the identity of an importer of counterfeit products that Patagonia has since settled with due to their cooperation with Patagonia's confidential investigation. The Escamilla Declaration also discusses the mechanics of the counterfeiting scheme.

8. In Plaintiff's Declaration of Paymaneh Parhami, Patagonia, Inc.'s Ex Parte Application For Temporary Restraining Order and Order to Show Cause ("Parhami Decl.") has identified parties responsible for operating an elaborate, widespread, counterfeiting scheme, and set out details about the mechanics of that counterfeiting scheme, including certain accounts and resources that Defendants use to source, sell, and distribute counterfeit products. This information is the product of Patagonia's confidential investigation.

9. In Plaintiff's Proposed Order Granting Plaintiff Patagonia, Inc.'s Application for Temporary Restraining Order and Order to Show Cause ("TRO Proposed Order"), Patagonia has identified parties responsible for operating an elaborate, widespread, counterfeiting scheme, and set out details about the mechanics of that counterfeiting scheme, including certain accounts and account information, identities of third party platforms used in furtherance of the scheme, and resources that Defendants use to source, sell, and distribute counterfeit products. This information is the product of Patagonia's confidential investigation.

10. In Plaintiff's Application for Leave to File Under Seal ("Application to Seal"), Patagonia identifies, in the caption, Defendants' names, which it discovered through its confidential investigation.

11. In this document, Plaintiff's Declaration of Kourtney Speer in Support of Application for Leave to File Under Seal, Patagonia identifies, in the caption, Defendants' names, which it discovered through its confidential investigation.

12. In Plaintiff's Proposed Order Granting Plaintiff Patagonia, Inc.'s Application for Leave to File Under Seal ("Sealing Proposed Order"), Patagonia identifies, in the caption, Defendants' names, which it discovered through its confidential investigation.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

Executed on April 15, 2025, at San Francisco, California.

_____
KOURTNEY SPEER