BENJAMIN J MANDEL (State Bar No. 342091)
    bmandel@wrslawyers.com
PAULO DE ALMEIDA (State Bar No. 279168)
    pdealmeida@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:   (310) 478-4100
Facsimile:   (310) 479-1422

Attorneys for Defendants, Frances Agnew DBA Fran Calista, Fran Calista Closet LLC, All Things Ali, LLC, ORC Shop LLC, Alison Rae Reaster, Brooke L. Hunsucker dba Brooke Leann Allen, Bailey Renae Miller, Jeffrey Francis Moore and Colson Ty Agnew

F I L E D
CLERK, U.S. DISTRICT COURT
5/30/25
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JC___ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PATAGONIA, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FRANCES AGNEW DBA FRAN CALISTA, FRAN CALISTA CLOSET LLC, ALL THINGS ALI, LLC, SHOP ORC LLC, ALISON RAE FEASTER, BROOKE L. HUNSUCKER DBA BROOKE LEANN ALLEN, BAILEY RENAE MILLER, JEFFREY FRANCIS MOORE, LEE WILLIAM, COLSON TY AGNEW, PUTIAN LOMANDO TRADING CO., LTD and DOES 1-10,<br><br>　　　　Defendant. | Case No. 2:25-cv-03283-CV-SK<br><br>**OPPOSITION TO PRELIMINARY INJUNCTION**<br><br>Trial Date:　　None<br><br><br>**FILED UNDER SEAL PURSUANT TO COURT ORDER** |

---

OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND .................................................................................................. 3

III. ARGUMENT ........................................................................................................ 4

    A. Purely Economic Harm is Not Irreparable .............................................. 4

    B. There Is No Evidence of Imminent or Ongoing Harm – Defendants Have Already Agreed to Cease the Challenged Conduct Negating the Need for Injunctive Relief ................................. 6

    C. Plaintiff's Self-Serving Statements and Assertions ............................. 10

    D. Defendants Are Entitled to a Proper Bond ........................................... 11

IV. CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

Page

**CASES**

*Am. Passage Media Corp. v. Cass Commc'ns, Inc.*
    750 F.2d 1470 (9th Cir. 1985) .................................................................... 10

*Amylin Pharmaceuticals, Inc. v. Eli Lilly & Co.*
    456 F. App'x 676 (9th Cir. 2011) ................................................................... 8

*Apple, Inc. v. Samsung Elecs. Co.*
    877 F. Supp. 2d 838 (N.D. Cal. 2012) .......................................................... 11

*Bresgal v. Brock*
    843 F.2d 1163 (9th Cir. 1987) ........................................................................ 1

*Caribbean Marine Servs. Co., Inc. v. Baldrige*
    844 F.2d 668 (9th Cir.1988) ........................................................................... 8

*Cazorla v. Hughes*
    No. CV-14-02112 MMM (CWx), 2014 WL 12235425, at *19 (C.D. Cal. Apr. 7, 2014) ................................................................................. 10

*Garcia v. Google, Inc.*
    786 F.3d 733 (9th Cir. 2015) .......................................................................... 7

*Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*
    527 U.S. 308 (1999) ........................................................................................ 9

*Hanginout, Inc. v. Google, Inc.*
    54 F. Supp. 3d 1109 (S.D. Cal. 2014) ............................................................ 8

*Herb Reed*
    736 F.3d 1239 (2013) ...................................................................................... 5

*Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*
    No. 5:17-cv-01388 AB(KKx), 2017 WL 5640562, at *3 (C.D. Cal. Oct. 31, 2017) ................................................................................................... 10

*Marine Servs. Co. v. Baldrige*
    844 F.2d 668 (9th Cir. 1988) ........................................................................ 10

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*
    571 F3d 873 (9th Cir. 2009) ........................................................................... 7

*Ontel*
    2021 U.S. Dist. LEXIS 158225, *19 ............................................................ 10

*Ontel Prods. Corp. v. Brownstone Res., LLC*
    2021 U.S. Dist. LEXIS 158225, *1 (C.D. Cal. August 20, 2021) ................ 10

*Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*
    944 F.2d 597 (9th Cir. 1991) .................................................................................. 4

*Sampson v. Murray*
    415 U.S. 61 (1974) ............................................................................................ 1, 4

*SolarEdge Techs. Inc. v. Enphase Energy, Inc.*
    No. 17-CV-04047-YGR, 2017 WL 3453378, at *6 (N.D. Cal. Aug. 11,
    2017) ..................................................................................................................... 11

*VBS Distrib., Inc. v. Nutrivita Labs., Inc.*
    No. SACV 16-01553-CJCDFMX, 2017 WL 2404919, at *5 (C.D. Cal.
    Jan. 19, 2017) ........................................................................................................ 11

*Winter v. Nat. Res. Def. Council, Inc.*
    555 U.S. 7 S. Ct. (2008) ......................................................................................... 7

**STATUTES**

Fed. R. Civ. P. 65(c) ................................................................................................. 11

## I. INTRODUCTION

To simplify issues for this Court, Frances Agnew DBA Fran Calista, Fran Calista Closet LLC, All Things Ali, LLC, ORC Shop LLC, Alison Rae Reaster, Brooke L. Hunsucker dba Brooke Leann Allen, Bailey Renae Miller, Jeffrey Francis Moore and Colson Ty Agnew (collectively "Defendants") submit this modest overview and associated proposals to counter broad, overreaching, unnecessary, and improper injunctive relief sought by Patagonia Inc. ("Plaintiff" or "Patagonia").

Plaintiff asks this Court for the extraordinary remedy of a preliminary injunction, along with sweeping ancillary relief such as expedited discovery and a freeze of Defendants' assets. This request is overreaching and unsupported by the required showing under federal law. Plaintiff's motion fails at the most fundamental level: it has not demonstrated any imminent irreparable harm that cannot be remedied by money damages. Courts have long held that purely economic injuries are not irreparable, because "the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray* 415 U.S. 61, 90 (1974).

Here, any alleged harm to Plaintiff – if strictly proven - could be fully compensated by monetary damages should it prevail. There is no evidentiary basis in the record for the Court to conclude Defendants are somehow unable or unwilling to satisfy a judgment, if one is issued. Plaintiff's lack of evidence reveals no threat of immediate injury that cannot await trial. Equally fatal to Patagonia's requested relief is its overbreadth. It is a basic principle that any injunctive relief must be "narrowly tailored to remedy the specific harm shown." *Bresgal v. Brock*, 843 F.2d 1163, 1170 (9th Cir. 1987)

Plaintiff's proposed order flouts this principle, amounting to asking the Court here for punitive measures, rather than a carefully calibrated and necessary remedy. For example, Plaintiff seeks to freeze Defendants' assets and force expedited

discovery absent any evidence that Defendants are hiding assets or that normal discovery would be inadequate – measures traditionally reserved for extraordinary cases. The law does not countenance such overreaching where, as here, there is no evidence in the record suggesting any deliberate asset concealment or depletion.

Notably, Defendants have voluntarily offered to stipulate to an order maintaining that status quo during the litigation. In other words, Defendants are willing to refrain from any alleged use of Plaintiff's marks and cessation of alleged conduct while this case is pending and provide any assurances to Plaintiff, whether it be a stipulation as part of a settlement, or a stipulated injunction. This voluntary cessation and willingness to reach an agreement on the same underscores the lack of any alleged ongoing harm. Thus, the extreme relief Plaintiff requests not only fails to meet the stringent legal standard, but it is also wholly unnecessary to protect any legitimate interest. For these reasons, and as explained further below, the Court should deny Plaintiff's motion for a preliminary injunction and accompanying ancillary relief.

In the alternative, again if the Court perceives any need for injunctive measures, Defendants respectfully request that the relief be limited to narrower measures that address specific alleged harms – for example, entry of a narrowly tailored stipulated order embodying Defendants' commitments to cease the alleged conduct, rather than the sweeping and unwarranted injunction Plaintiff proposes. A stipulated or consented injunction need not (and should not) include findings of fact on the record.

Such a tailored approach would serve to protect Plaintiff's alleged rights at this stage while avoiding undue, overreaching, unwarranted, improper, and unnecessary harm to Defendants. The core principle that injunctions are an extraordinary remedy to be used sparingly and only to the extent truly necessary should be applied here.

/ / /

## II. BACKGROUND

*(This section is abbreviated given the Court's familiarity with the record and because Patagonia's motion fails primarily on legal grounds. This section also will not detail what this Court is already aware of regarding service issues related to Defendants, improper service and lack thereof, and improper notice given to Defendants previously).* Plaintiff filed this action alleging trademark infringement and related claims arising from Defendants' alleged use of marks allegedly similar to Patagonia's.

In their haste to put extreme pressure on Defendants (perhaps for settlement purposes or for litigation posture), Plaintiff is requesting extreme measures – unsupported by evidence - which are wholly unnecessary since Defendants have been nothing but cooperative and committed to a swift resolution of this matter. Defendants could only recently retain counsel Friday before Memorial Day weekend, days after a hearing which they had to attend themselves without counsel, as this Court is aware.

Despite Plaintiff's extreme demands, Defendants have cooperated despite their being improperly served (with service expiring before the relevant deadline or never having been made on various Defendants). Defendants have taken immediate concrete steps to address Plaintiff's concerns despite only being provided with case documents that counsel could not even access because they were under seal the Friday before a long weekend. Defendants *still* cannot even access the full file because the case is still currently under seal. Defendants and their counsel are still getting up to speed on the case, only a week or so into a mess of Plaintiff's own creation in terms of service, inadequate notice and insufficient time to meaningfully respond.

Despite limited time to review case documents, Defendants agreed to ameliorate any of Plaintiff's concerns regarding the alleged conduct, and are even fine with a reasonably narrowed, consented injunction. Defendants have

communicated to Plaintiff – and reiterate to this Court – their **willingness to stipulate** to injunctive relief or cessation of the alleged conduct by agreement. In short, there is no ongoing "infringement" to enjoin: **the alleged conduct Patagonia seeks to stop has already stopped, and Defendants are more than willing to cooperate to ameliorate any remaining concerns pending trial.**

What remains is a dispute over past conduct (for which Plaintiff seeks monetary damages) and an assurance against future "infringement" (which Defendants have already offered). Despite these facts and Defendant's overtures and offers, Plaintiff presses forward, insisting on a broad undue injunction and extraordinary asset freeze measures without demonstrating the prerequisites for such relief under federal law.

## III. ARGUMENT

### A. Purely Economic Harm is Not Irreparable

Patagonia's primary claims of harm appear to center on economic injury – for example, lost sales or market share due to Defendants' supposed infringement. Such injuries, even if proven, **do not constitute irreparable harm** because they are compensable by money damages. The law on this point is well-settled. The Ninth Circuit has held that *economic injury alone does not constitute irreparable harm* because monetary losses can be recovered through damages at final judgment. In *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, for example, the Ninth Circuit emphasized that purely monetary harms are usually not irreparable since an award of damages can make the plaintiff whole. *Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991) (affirming denial of injunction; injury to business could be compensated by money).

Likewise, the Supreme Court in *Sampson v. Murray* made clear that **"[t]he possibility that adequate compensatory or other corrective relief will be available at a later date…weighs heavily against a claim of irreparable harm."** 415 U.S. at 90 (emphasis added). That is exactly what is present here. In short, if Plaintiff can

strictly prove that Defendants' past conduct caused it financial harm, the court can award an appropriate sum of damages – a complete and adequate remedy at law that precludes preliminary injunctive relief.

Here, Plaintiff has not identified any harm that cannot be quantified in dollars. Plaintiff's allegations of harm boil down to garden variety assertions that Defendants' use of similar branding or trademarks could divert some sales or tarnish Patagonia's brand value. To the extent this translates to lost revenue or profits for Patagonia, those losses can be calculated. Patagonia is a sophisticated business that can, through evidence – if it has any – determine, the financial impact, if any, of Defendants' alleged activities, and be compensated (if monetary damages can be proven) at trial. Even claimed damage to "goodwill" or "reputation" – often cited in intellectual property cases as a form of intangible harm – must be proven with evidence and cannot be presumed irreparable on mere say-so. *See Herb Reed*, 736 F.3d 1239, 1250 (2013) (vacating injunction; to establish irreparable harm, "conclusory or speculative allegations" of lost goodwill are not enough).

Patagonia offers only speculation that Defendants' limited alleged conduct has caused it any brand harm. Notably, Patagonia has not produced any concrete evidence of consumer confusion, loss of customer loyalty, or other *tangible* impact to its reputation. In the absence of such proof, courts will not credit claims of irreparable harm. *Id.* at 1250–51 (plaintiff's "platitudes" about harm to goodwill were insufficient where no concrete evidence of injury was presented).

Furthermore, even if Patagonia were concerned about difficulty in quantifying certain harms (like long-term erosion of brand strength), the appropriate course would be to seek that calculation through expert testimony at trial, not to assume irreparable harm now with no evidence. Patagonia is an established company for whom any marginal impact of Defendants' alleged actions would be, in relative terms, small and measurable (if it even exists at all). There is no indication that Defendants' alleged infringement has caused any irreversible damage to Patagonia's

business that couldn't be redressed by a damages award.

In sum, Patagonia has an adequate future remedy at law – money damages – should it ultimately prevail. That fact alone is fatal to the request for preliminary injunction and upholding of any overbroad injunctive relief as it pertains to bank accounts or assets as to Defendants. When legal remedies are sufficient, equity should not step in. Because Patagonia has not shown (and cannot show) that any harm it faces is beyond the reach of ordinary monetary relief, it has not met its burden of establishing irreparable harm. This Court should deny the injunction on that ground alone.

### B. There Is No Evidence of Imminent or Ongoing Harm – Defendants Have Already Agreed to Cease the Challenged Conduct Negating the Need for Injunctive Relief

Even apart from the adequacy of damages, Plaintiff's motion fails because it cannot demonstrate that irreparable injury is *likely* to occur absent an injunction. The record shows no ongoing violation or impending threat that needs to be enjoined. To the contrary, Defendants have indicated to Plaintiff, and indicate again to this Court, in no uncertain terms their willingness to abide by any cessation of alleged activities. In short, Plaintiff is seeking to enjoin a phantom – conduct that is not occurring and that Defendants have agreed will not occur while the case is pending. Courts do not issue preliminary injunctions under such circumstances, because there is no irreparable harm on the horizon to prevent.

The purpose of a preliminary injunction is to prevent future injury before a final judgment can be reached. A preliminary injunction is an extraordinary remedy never awarded as of right. In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24, 129 S.

Ct. (2008).

If the defendant has already ceased and/or agreed to cease the challenged conduct and there is no reasonable likelihood that it will resume in the immediate future, then the plaintiff cannot show that it is "likely to suffer irreparable harm in the absence of an injunction." *Winter*, 555 U.S. at 20.

Here, Defendants' agreed cessation as to any alleged use of Patagonia's marks (and any even confusingly similar branding) is bona fide and in good faith. Defendants have gone so far as to offer a stipulation – even a formal, binding promise to approved by the Court – to refrain from the alleged conduct that Patagonia seeks to prohibit. That offer is essentially the functional equivalent of a preliminary injunction, voluntarily undertaken.

If Plaintiff's true aim is to prevent ongoing infringement and other trademark issues, that aim is already accomplished by Defendants' cessation and willingness to be bound. Plaintiffs has not suggested that Defendants are presently infringing or that they will do so tomorrow absent a court order; at most Plaintiff speculates that, without an injunction, Defendants *might* resume the behavior at some indefinite time. Such speculation is insufficient.

Plaintiff here has a broad burden which they have not met. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (plaintiff's burden is "doubly demanding" if seeking mandatory injunction). Additionally, as previously detailed, the harm they have alleged is clearly capable of compensation in damages. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F3d 873, 879 (9th Cir. 2009) (Mandatory injunctive relief is "particularly disfavored" and will not be granted unless extreme or very serious harm will result, not capable of compensation in damages, if the injunction is not issued)

All Plaintiff has done is suggest that if injunctive relief is not granted, that they may face some future harm. However, that falls far short of the burden they are required to carry here. "To support injunctive relief, harm must not only be

irreparable, it must be imminent; establishing a threat of irreparable harm in the indefinite future is not enough. Rather, a plaintiff must *demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief*." *Caribbean Marine Servs. Co., Inc. v. Baldrige,* 844 F.2d 668, 674 (9th Cir.1988) (emphasis added) see also Amylin Pharmaceuticals, Inc. v. Eli Lilly & Co., 456 F. App'x 676, 679 (9th Cir. 2011)("[E]stablishing a threat of irreparable harm in the indefinite future is not enough."); *Hanginout, Inc. v. Google, Inc.,* 54 F. Supp. 3d 1109, 1132 (S.D. Cal. 2014) ("Speculative future harm is insufficient.").

  Instead of seeking relief from this Court based on speculative future harm, Plaintiff should agree to a stipulated order or agreement with Defendants (that Defendants would be more than willing to sign, again alone, or as part of settlement). Such a stipulated injunction need not include any findings of fact, which Plaintiff may attempt to prove at trial (to the extent it has supporting evidence). Defendants contend there is *zero* need for any court intervention here to prevent any future alleged conduct, since Defendants already are willing to cooperate with Plaintiff; but Defendants are still open to the Court entering a narrow tailored injunction. However, it seems as though, at this point, Plaintiff's tactics are to attempt to intimidate Defendants with the threat of "punishment" through an injunction, as opposed to working cooperatively with Defendants. This Court should see through those tactics.

  Furthermore, relief sought in the preliminary injunction is far too over broad as it pertains to assets and shutting down various accounts. Damages can be assessed at trial. There is no risk of any depletion of assets, there is no flight risk of any kind for Defendants. Defendants are in the US, have appeared in this case, retained counsel, and are defending this suit. There is therefore no provided justification for an asset freeze, or freezing access to Defendants bank accounts, which is extreme relief, and as detailed above, wholly unnecessary here before trial. There is no indication that Defendants will not or cannot pay any damages should they be

proven at trial. **There is simply no evidence supporting the extreme relief Plaintiff requests.**

Patagonia effectively seeks to have Defendants' assets frozen during the pendency of this case, ostensibly to ensure that any judgment in Patagonia's favor can be satisfied. The relief requested is extreme and unwarranted under the circumstances. The Supreme Court has held that, except in certain narrow categories of cases, federal courts have **no general authority to freeze a defendant's assets** before judgment merely to secure potential money damages. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) (emphasis added). In *Grupo Mexicano*, the Court reversed a prejudgment asset freeze, explaining that such a remedy was historically unavailable in suits for money damages and thus beyond the court's equitable power in a purely legal action. *Id.* at 333 ("the District Court lacked authority to issue a preliminary injunction preventing [the defendant] from disposing of assets pending adjudication of [plaintiff's] contract claim for money damages" because that remedy was not traditionally accorded by equity).

This case is no different. To the extent Plaintiff primarily seeks alleged damages or equitable accounting of alleged profits, that can ultimately be paid from whatever assets exist at judgment. There is no proof whatsoever that this is a limited fund case or that Defendants are insolvent, or that there is a flight risk or of depletion of assets. Plaintiff essentially wants an attachment without following attachment procedures or meeting the strict requirements for such relief.

The inclusion of such provisions is a telltale sign of overbreadth and improper purpose. Plaintiff is effectively trying to use the vehicle of a preliminary injunction to gain advantages (security for a potential money judgment, and early discovery) that it is not entitled to under the ordinary rules, let alone under the relief sought and lack of evidence provided by Plaintiff. This is an abuse of the Court's power to issue injunctive relief.

Additionally, discovery here can be conducted in normal course. There is no demonstrated urgent need for early discovery. Defendants are entitled to conduct and respond to discovery on a normal timeline. There is no need for Court intervention on those grounds, nor is there any evidence that Defendants have withheld or will withhold evidence they are required to produce, thereby obviating any Court intervention *at this point*. Simply put, the relief sought is premature, unwarranted inasmuch as there is **_no supporting evidence_**, and unnecessary.

### C. Plaintiff's Self-Serving Statements and Assertions

Plaintiff also relies solely on the statutory presumption of irreparable harm, providing no evidence or explanation as to why any harm it may suffer would be irreparable. Even assuming the applicability of the statutory presumption, "conclusory statements and theoretical arguments supporting such harm are insufficient to show a likelihood that such harm will be likely, substantial, and immediate." *Ontel Prods. Corp. v. Brownstone Res., LLC*, 2021 U.S. Dist. LEXIS 158225, *1 (C.D. Cal. August 20, 2021); *Cazorla v. Hughes*, No. CV-14-02112 MMM (CWx), 2014 WL 12235425, at *19 (C.D. Cal. Apr. 7, 2014) ("Conclusory affidavits are insufficient to demonstrate irreparable harm.") (citing *Am. Passage Media Corp. v. Cass Commc'ns, Inc., 750 F.2d 1470, 1473* (9th Cir. 1985)).

In *Ontel*, the court there explained that the rebuttable presumption only extends so far; for a movant to expand beyond it, it must support its claim of irreparable harm with "concrete evidence." *Id.*; *see also Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*, No. 5:17-cv-01388 AB(KKx), 2017 WL 5640562, at *3 (C.D. Cal. Oct. 31, 2017) ("The unsupported, conclusory assertions of the movant's CEO are simply not sufficient"). Because the movant in that case provided no evidentiary support for its allegations of loss of reputation and goodwill, its motion for a temporary restraining order was denied. *Ontel*, 2021 U.S. Dist. LEXIS 158225, *19; *see also Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("[s]peculative injury does not constitute irreparable injury sufficient to warrant

granting a preliminary injunction").

The only other evidence that Plaintiff has identified is supported by only self-serving declaration(s) that are prepared by their own attorneys and staff. A conclusory and self-serving declaration by an individual associated with Plaintiff's company is, standing alone, weak evidence of irreparable harm (let alone evidence submitted by Plaintiff's counsel). *Compare VBS Distrib., Inc. v. Nutrivita Labs., Inc.*, No. SACV 16-01553-CJCDFMX, 2017 WL 2404919, at *5 (C.D. Cal. Jan. 19, 2017) (insufficient showing where plaintiff "offered only the self-serving declaration of its CEO"), rev'd on other grounds, 697 F. App'x 543 (9th Cir. 2017); with *SolarEdge Techs. Inc. v. Enphase Energy, Inc.*, No. 17-CV-04047-YGR, 2017 WL 3453378, at *6 (N.D. Cal. Aug. 11, 2017) ("bare, threshold showing" of irreparable harm where plaintiff offered sworn statement of senior executive but no data to support her conclusions).

### D. Defendants Are Entitled to a Proper Bond

Pursuant to Fed. R. Civ. P. 65(c), the Court may issue a preliminary injunction "only if [plaintiff] gives security in an amount that the court considers *proper* to pay the costs and damages sustained" by defendant if it is wrongfully enjoined. Fed. R. Civ. P. 65(c) (emphasis added). The purpose of the bond requirement is "to protect the enjoined party's interest in the event that future proceedings show the injunction issued wrongfully." *Apple, Inc. v. Samsung Elecs. Co.*, 877 F. Supp. 2d 838, 918 (N.D. Cal. 2012).

If the Court were to consider an injunction in part, Defendants still respectfully request an opportunity to submit full briefing on the issuance of a bond and the proper amount thereof. Plaintiff's request of $5,000 is outrageous considering the extreme measures they are seeking against Defendants that have already to this point been implemented, including freezing bank accounts and assets.

/ / /

/ / /

## IV. CONCLUSION

Defendants contend that the entirety of the injunctive relief sought by Plaintiff is overbroad inappropriate and completely unwarranted for the reasons explained herein. However, if this Court is inclined to uphold some portions of the injunctive relief requested, Defendants are alternatively willing to consent to a limited, narrowly tailored, and stipulated injunction, without findings of fact on the record.

DATED: May 30, 2025

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: *Benjamin J. Mandel*
BENJAMIN J MANDEL
Attorneys for Defendants, Frances Agnew DBA Fran Calista, Fran Calista Closet LLC, All Things Ali, LLC, ORC Shop LLC, Alison Rae Reaster, Brooke L. Hunsucker dba Brooke Leann Allen, Bailey Renae Miller, Jeffrey Francis Moore and Colson Ty Agnew

# PROOF OF SERVICE

**Patagonia v. Frances Agnew, et al.**
**Case No. 2:25-cv-03283-CV-SK**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 11400 West Olympic Boulevard, 9th Floor, Los Angeles, CA 90064-1582.

On May 30, 2025, I served true copies of the following document(s) described as **OPPOSITION TO PRELIMINARY INJUNCTION** on the interested parties in this action as follows:

| | |
|---|---|
| Gregory S. Gilchrist, Esq.<br>Ryan Bricker, Esq.<br>Sophy J. Tabandeh, Esq.<br>Paymaneh Parhami, Esq.<br>Kourtney Speer, Esq.<br>VERSO LAW GROUP LLP<br>565 Commercial Street, 4th Fl<br>San Francisco, CA 94111<br>Telephone: (415) 534-0495<br>Email: greg.gilchrist@versolaw.com;<br>Ryan.bricker@versolaw.com;<br>Sophy.tabandeh@versolaw.com;<br>Paymaneh.parhami@versolaw.com;<br>Kourtney.speer@versolaw.com | Attorneys for Plaintiff, PATAGONIA, INC. |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address akim@wrslawyers.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 30, 2025, at Los Angeles, California.

Ashley Kim